Filed 2/19/14  P. v. Chatterton CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MICHAEL ANTHONY CHATTERTON,<br><br>    Defendant and Appellant. | B248018<br><br>(Los Angeles County<br> Super. Ct. No. LA071701) |

    APPEAL from a judgment of the Superior Court of Los Angeles County, Michael V. Jesic, Judge.  Affirmed.

    California Appellate Project, Jonathan B. Steiner, Executive Director, and Richard B. Lennon, Staff Attorney, under appointment by the Court of Appeal, for Defendant and Appellant.

    No appearance for Plaintiff and Respondent.

Defendant Michael Anthony Chatterton was charged with five counts of theft by using a stolen access card (Pen. Code, § 484e, subd. (d)),[1] two counts of identity theft (§ 530.5, subd. (a)), two counts of burglary (§ 459), one count of forgery using a stolen access card (§ 484f, subd. (b)), and one count of receiving stolen property (§ 496, subd. (a)).[2] It was further alleged that he had suffered a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), and a serious felony conviction (§ 1170, subd. (h)(3)), and that he had served a prior prison term (§ 667.5, subd. (b)).

Pursuant to a negotiated disposition, defendant pled no contest to one count each of receiving stolen property, using a stolen access card, and identity theft, and admitted his strike conviction. In exchange, he was sentenced to five years, four months in state prison, and the remaining counts and priors were dismissed. Defendant filed a notice of appeal, and sought a certificate of probable cause, which was denied.

## BACKGROUND

Because defendant waived preliminary hearing, and later pled no contest, we take our brief summary of the facts from the probation report. According to the probation report, defendant was arrested with his codefendant after police received a report of an auto burglary. Defendant was found to be in possession of stolen credit cards and driver's licenses.

---

[1]     All further section references are to the Penal Code.

[2]     Codefendant Richard Coomes, who was also charged in each of these counts, is not a party to this appeal.

## DISCUSSION

Because defendant did not receive a certificate of probable cause, his appeal is limited to claims of error occurring after entry of the plea which do not challenge the validity of the plea. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1088 (*Mendez*); § 1237.5.) After review of the record, appellant's court-appointed counsel filed an opening brief asking this court to review the record independently pursuant to the holding of *People v. Wende* (1979) 25 Cal.3d 436, 441, and advised defendant of his opportunity to file a supplemental brief.

Defendant filed a letter brief with this court, in which he asserts that his trial attorney advised him to waive his preliminary hearing in order to preserve an offer of 32 months in state prison and perhaps get into a drug treatment program. However, after that waiver, the prosecution increased the offer to six years, eight months and denied him a drug treatment program. He ultimately accepted a reduced offer of five years, four months, which he accepted to avoid going to trial and receiving a greater sentence. He asks that we review the record to determine whether his attorney rendered ineffective assistance of counsel.[3]

---

[3] We note that the record reveals that before defendant entered his plea, the issues mentioned in his letter brief with this court were the subject of lengthy discussions among counsel and the court, and between the court and defendant. In short, according to defense counsel and defendant, believing that defendant might be able to get into a long-term drug program, and believing that the 32-month offer before the preliminary hearing would remain open if defendant were not able to get into such a program, defendant waived the preliminary hearing. Defendant was later unable to gain admission to a drug program. According to the prosecutor there was no agreement to hold open the 32-month offer, and the prosecutor's new offer was six years, eight months, which the court convinced the prosecutor to reduce to an offer of five years, four months. These circumstances were fully discussed in the trial court before defendant entered his plea – discussions in which defendant expressed his understanding and frustration – after which defendant was given the opportunity to consult again with his attorney. He thereafter accepted the offer of five years, four months.

Because defendant did not obtain a certificate of probable cause, he cannot raise on appeal the pre-plea issue that his attorney was ineffective.  (*Mendez, supra,* 19 Cal.App.4th 1084.)  That issue, if it is to be raised at all, must be raised by petition for writ of habeas corpus.  We have examined the entire record and are satisfied that no arguable issues exist, and that appellant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113.)

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

WILLHITE, J.

We concur:

EPSTEIN, P. J.                    MANELLA, J.

4